# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AHNNA SCOTT, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 17-2020 |
| TRUMARK FINANCIAL CREDIT UNION d/b/a TRUMARK FINANCIAL, | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                **MARCH 12, 2018**

      Plaintiff Ahnna Scott ("Ms. Scott") filed suit in this Court on May 3, 2017, against Defendant Trumark Financial Credit Union ("Trumark Financial") alleging violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Ms. Scott filed a "First Amended Civil Action Complaint" on October 19, 2017, alleging identical causes of action and incorporating a claim for violations of the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. § 951 *et. seq*. On December 18, 2017, a Settlement Conference was held before the Honorable David R. Strawbridge. The case was dismissed with prejudice under Local Rule 41.1(b) on December 28, 2017.

      Presently before the Court is Ms. Scott's Motion to Reinstate This Matter requesting relief from final judgment to re-open this suit. Trumark Financial has filed a Memorandum of Law in Opposition. An Evidentiary Hearing was held on March 2, 2018. For the reasons noted below, Ms. Scott's Motion is denied.

## I. BACKGROUND

On December 18, 2017, the parties attended a Settlement Conference in front of the Honorable David R. Strawbridge. (Def.'s Mem. Law in Opp'n 1.) Present at the conference were Ms. Scott, her counsel, Jeremy Cerutti ("Mr. Cerutti"), and counsel for Trumark Financial, Evan Van Gorder ("Mr. Van Gorder"). (Evidentiary Hr'g Tr. 3–4.) According to Mr. Cerutti, the parties negotiated in good faith for several hours. (*Id.*) Trumark Financial asserts that, at the end of conference, an agreement had been reached to settle the case. (Def.'s Mem. Law in Opp'n 1.) Mr. Cerutti drafted a handwritten Term Sheet and Trumark Financial signed it and gave it back to Mr. Cerutti. (*Id.*)

Mr. Van Gorder prepared a draft Settlement Agreement on behalf of Trumark Financial the following day, December 19, 2017, and emailed it to Mr. Cerutti for review. (*Id.*, Ex. A.) Also on December 19, Judge Strawbridge emailed this Court explaining that a settlement had been reached between the parties and that we should issue an Order dismissing this case pursuant to Local R. Civ. P. 41.1(b). An Order to that effect was entered on December 28, 2018. (Doc. No. 22.)

On January 4, 2018, Mr. Cerutti emailed Mr. Van Gorder saying, "Since its [sic] our position that this matter has not been resolved, I would like to proceed with the scheduling of depositions." (Pl.'s Mem. Law in Supp. Mot. to Reinstate, Ex. B, Cerutti Email.) On January 16, 2018, Ms. Scott filed a Motion to Reinstate This Matter. (Doc. No. 23.) Ms. Scott claims that no settlement with Trumark Financial was reached. (Pl.'s Mem. Law in Supp. Mot. to Reinstate 6.) In support of her Motion, she submitted a signed affidavit asserting that she (1) "never accepted any settlement offer;" (2) "never authorized [her] attorney to accept any settlement offer on [her] behalf;" and (3) "never signed a term sheet, settlement agreement or any

2

other document." (*Id.*, Ex. A, Affidavit of Ahnna Scott ("Scott Affidavit").) Ms. Scott claims that, after the Settlement Conference, she had several questions, including concerns about attorney's fees and tax implications of any settlement. (*Id.* at 5.) Ms. Scott and Mr. Cerutti had *ex parte* conversations with Judge Strawbridge following the Settlement Conference regarding these issues. (Evidentiary Hr'g Tr. 4, 6.)

An Evidentiary Hearing was held on March 2, 2018. Ms. Scott did not appear at the hearing to offer any additional testimony. Mr. Cerutti entered Ms. Scott's Affidavit into the record on her behalf. (*Id.* at 10.)

## II.  STANDARD OF REVIEW

A Motion to Reinstate filed under Federal Rule of Civil Procedure 60(b) may be granted where there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeing relief bears the burden of proof to establish good cause why the matter should be reinstated. *See Clark v. City of Phila.*, No. 14-5930, 2016 WL 1449240, at *2 (E.D. Pa. Apr. 13, 2016) (citing *Max Control Sys., Inc. v. Indus. Sys., Inc.*, No. 99-2175, 2001 WL 160760, at *2 (E.D. Pa. July 30, 2001)); *see also Wyndmoor Learning Ctr., Inc. v. City of Wilmington*, No. 93-4217, 1996 WL 117471, at *7 (E.D. Pa. Mar. 12, 1996).

"Settlement agreements are contracts between the parties and contract principles are generally applicable to their construction." *Wyndmoor Learning Ctr.*, 1996 WL 117471, at *6

3

(quoting *Marine Midland Realty Credit Corp. v. LLMD of Mich., Inc.*, 821 F. Supp. 370, 373 (E.D. Pa. 1993)). An agreement "is binding upon the parties whether or not it is made in the presence of the court and whether or not it is made in writing." *Id.* (quoting *Green v. John H. Lewis & Co.*, 463 F.2d 389, 390 (3d Cir. 1970)). A court will not vacate, modify, or strike a dismissal under Federal Rule of Civil Procedure 41.1(b) because a party has had a "change of heart." *Id.* at *7 (citing *Capital Controls Co. v. Aetna Cas. & Sur. Co.*, No. 88-7175, 1989 WL 167396, at *2 (E.D. Pa. Aug. 2, 1989)).

Courts must determine whether both parties mutually entered into a valid settlement agreement. *Main Line Theatres, Inc. v. Paramount Film Distrib. Corp.*, 298 F.2d 801, 803 (3d Cir. 1962). The United States Court of Appeals for the Third Circuit has held that "when relief from a judgment hinges upon a factual issue and credibility determinations are involved, a hearing should be held to determine entitlement to relief." *Garabedian v. Allstates Eng'g Co.*, 811 F.2d 802, 803 (3d Cir. 1987) (citing *Fed. Deposit Ins. Corp. v. Alker*, 234 F.2d 113, 117 (3d Cir. 1956)). Where settlement conferences are overseen by magistrate judges, the district court may consider the magistrate judge's recommendation regarding whether a valid settlement agreement has been reached. *Clark*, 2016 WL 1449240, at *2 (citing *Keller v. Tele-Response Ctr., Inc.*, No. 09-6197, 2011 WL 2441736, at *1 (E.D. Pa. June 16, 2011); *Jasmine Exports v. New View Gifts*, No. 98-5139, 2000 WL 1286399, at *2 (E.D. Pa. Sept. 1, 2000); *Makenta v. Univ. of Pa.*, No. 97-5424, 1998 WL 964183, at *1 (E.D. Pa. Dec. 1, 1998)).

### III. DISCUSSION

As the moving party, it is Ms. Scott's burden to show good cause why the matter should be reinstated. *Id.* at *2. When dismissing the case under Local Rule 41.1(b), we carefully considered the email from Judge Strawbridge immediately following the Settlement Conference

4

advising that a settlement had been reached between the parties and that dismissal was appropriate. *See id.* at *2. A change of heart after agreeing to a settlement is never good cause to vacate, modify, or strike a dismissal under Local Rule 41.1(b). *See Wyndmoor Learning Ctr.*, 1989 WL 167396, at *6–7.

In support of her Motion, Ms. Scott submitted an affidavit attesting that she neither agreed to a settlement nor gave her attorney authority to enter into any settlement. (Scott Affidavit, pp. 5–6.) We held an Evidentiary Hearing to determine the credibility of Ms. Scott's factual dispute. *See Garabedian*, 811 F.2d at 803 (requiring evidentiary hearing where plaintiff's affidavit denied he had given settlement authority to his attorney, despite his attorney's affidavit to the contrary). However, Ms. Scott failed to appear and did not give testimony or allow herself to be cross-examined by opposing counsel.[1]

An affidavit denying the existence of a settlement agreement can create a dispute of fact that must be resolved at an evidentiary hearing. *Id.* However, Ms. Scott cannot succeed on a motion to reinstate on an affidavit alone. The Court is given discretion when deciding a motion under Federal Rule of Civil Procedure 60(b), and we believe that without any testimony, we cannot determine the credibility of Ms. Scott's denial of a settlement agreement. *See Alker*, 234 F.2d at 116–17 ("[A]n application for extraordinary relief must be fully substantiated by adequate proof and its exceptional character must be clearly established to the satisfaction of the

---

[1] Ms. Scott was aware that her presence at the Evidentiary Hearing was required. In explaining his client's absence, Mr. Cerutti stated:
> I informed Ms. Scott that she needed to be here per [the Court's] order. I reached out to her via email, via letter, and via phone, and confirmed earlier this week with her that she understood she needed to be here. I've reached out to her this morning to inform her that she knew she needed to be here, but I have not received a call back from her.
> . . . .
> . . . [B]ut she does know she needed to be here . . . .

(Evidentiary Hr'g Tr. 8–9.) We held a ten minute recess to allow Mr. Cerutti time to locate Ms. Scott. He was unable to do so.

district court before it can be granted by the court."). Granting reinstatement on an affidavit alone would allow any party that has a change of heart following a settlement agreement to simply file an affidavit denying such an agreement and have their case re-opened. *Cf. Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 577–78 (2d Cir. 1969) (creating "sham affidavit doctrine" in order to disregard a contradictory affidavit submitted solely to defeat summary judgment); *Martin v. Merrell Dow Pharm., Inc.*, 851 F.2d 703 (3d Cir. 1988) (adopting "sham affidavit doctrine" where a "flatly contradictory affidavit [submitted solely to defeat summary judgment] did not contain an explanation"). We do not find that Ms. Scott has met the burden of proof required to establish good cause to vacate a valid settlement agreement with Trumark Financial and reinstate the Matter. Therefore, Ms. Scott's Motion to Reinstate This Matter under Federal Rule of Civil Procedure 60(b) is denied.

## IV. CONCLUSION

For the reasons stated above, Ms. Scott's Motion to Reinstate This Matter under Federal Rule of Civil Procedure 60(b) is denied.

An appropriate Order follows.